## In re GREENBLATT.

(District Court, E. D. Pennsylvania. October 2, 1914.)

### No. 4728.

BANKRUPTCY (§ 136*)—WITHHELD ASSETS—VALUE—FINDINGS—EVIDENCE.

On an application for attachment to compel a bankrupt to pay over the value of assets alleged to have been withheld, evidence *held* to show that $2,502, the amount of such withheld assets, was excessive, and should be reduced to $1,109.41.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

In Bankruptcy. In the matter of bankruptcy proceedings of David Greenblatt. On rule for attachment. Granted.

Joseph Sternberger, of Philadelphia, Pa., for trustee.
Bernard R. Cohn, of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. The matters here involved were determined by the referee, from whose findings no appeal was taken. On these findings an order went out directing the bankrupt to turn over to the trustee the sum of $2,502. The bankrupt has not complied with this order. The case regularly comes before us on a rule for an attachment. There has also been presented, or leave has been asked to file, a petition for a rule to show cause why the bankrupt should not be permitted to file a petition for a review nunc pro tunc.

The argument proceeded upon the basis that there was no occasion to disturb the findings of the referee unless they were erroneous. The case was therefore heard as if on a petition for a review. If the property rights of the bankrupt were alone concerned in the conclusions to be reached by the court in this case, the state of the record would be left as the bankrupt has permitted it to be made up. As, however, the personal liberty of the bankrupt may at least possibly depend upon the view the court takes of the whole case, we have felt called upon to review it with care. The disposition which would be made of the case ordinarily would be to send it back to the referee. As counsel, however, have asked us to dispose of the case upon its face as disclosed by the present record, we now do so to the extent which the state of the record permits.

A modification of the findings of the referee upon which he based the order for payment involves something of injustice to him, because he has not been given the opportunity to vindicate the correctness of his findings, as he doubtless could do. We have decided to make the modifications, however, because counsel for the trustee and for the creditors prefer that this should be done rather than to subject them to the delays which would follow the case going back to the referee.

We feel obliged to reduce the amount of the order, because the amount as found by the referee is inconsistent with the admissions of fact made at the argument. The basis of the order is the fact, as found by the referee, that the bankrupt had not turned over to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trustee all the property belonging to him, or in his possession or under his control, at the time of the filing of the petition. There was no direct testimony of what these undisclosed assets consisted. The finding that there were such assets, however, is based upon the propositions that before the petition was filed the bankrupt was possessed of stock in trade valued to a certain amount, and that following this date he had made purchases of merchandise and added to his stock, out of which he had made certain sales and payments for expenses and to creditors, and that an account taken of these separate items, allowing for the difference between the wholesale and retail prices of the part of the stock sold, showed a balance, representing what the bankrupt had on hand at the time the petition was filed, and deducting from this balance the amount turned over to the trustee showed the undisclosed assets which the bankrupt had retained.

The pertinent dates are these: The petition was filed March 3, 1913, and a receiver was appointed four days later. The appraisement of the property, which came into the possession of the receiver and afterwards the trustee, showed a value of $957.57. A date which is indefinitely fixed, sometimes as September, and sometimes as September 1, 1912, is the starting point of all the calculations made by the several parties. The trustee tabulated the claim made as follows:

| | |
|---|---:|
| Value of stock at wholesale prices on hand | $ 659 00 |
| Additions to time of bankruptcy | 3,731 00 |
| Total to be accounted for | $4,390 00 |
| Expenses paid | 1,420 00 |
| Balance unaccounted for | $2,970 00 |

The referee adopted this method of reaching the amount for which the order should go out, changing it only in the respect that he found the expenses to have been $1,888, instead of $1,420. He therefore deducted $468 from the balance struck, making the balance $2,502, instead of $2,970. He accordingly issued the order for the latter sum. On the face of this statement it would be clear that the referee had been misled in his calculation by the statement of the trustee. This statement ignores the fact that the bankrupt had turned over some property to the receiver. This must be deducted before we can find how much he did not turn over. In addition, certain goods were sold upon which the referee finds a profit, above wholesale prices, was received. A correct method of stating the account would, of course, add this profit. The referee finds the selling value of the stock on hand, with which the account starts, as $500 or $600. This is based upon the value given by the bankrupt himself. The daughter of the bankrupt puts it at $500. The schedule of purchases after that date shows, as we understand the corrected amount to be, $3,479.25. The goods sold were at an enhanced price of 25 per cent. The amount sold was $2,639, and the gross profits, or amount received in excess of the wholesale price, was $659. The referee finds the expenses to have been $1,888. The debts paid are shown by the schedule to have been $190.84. The value of the stock turned over to the receiver at

wholesale prices the referee finds to have been $1,400. These figures, tabulated in the form of a statement, result in this:

| | | |
|---|---:|---:|
| Value of stock on hand at wholesale price | $ 450 | 00 |
| Additional purchases | 3,479 | 25 |
| Total stock | $3,929 | 25 |
| Stock turned over to the receiver | 1,400 | 00 |
| Stock unaccounted for | $2,529 | 25 |
| Profits on stock sold | 659 | 00 |
| Total to be accounted for | $3,188 | 25 |
| Expenses paid | $1,888 00 | |
| Debts paid | 190 84 | |
| | | 2,078 84 |
| Balance to be accounted for | $1,109 | 41 |

Delving into this record in search of the facts is too much of a leap in the dark to permit any one to be satisfied with the results, but the above would seem to be the best fruits of the effort to get at the facts. Its substantial correctness has some confirmation in the fact that it approximates the value of stock sold and thus accounts for it.

The only disposition we can make of the case without sending it back to the referee is that the order should be modified, by reducing the amount from $2,502 to $1,109.41. If this is acceptable to counsel, a formal order to this effect may be entered, and the petition for leave disposed of so as to make the record conform. If the modified figures are not acceptable to counsel, the case may be set down for a rehearing, and it will then be disposed of at bar.